UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLONZO JACKSON BANKS, | No. 2:21-cv-00843 DAD DB |
| Petitioner, | |
| v. | ORDER |
| MATTHEY ATCHLEY, | |
| Respondent. | |

Petitioner's counsel filed a motion for an extension of time to file objections to the findings and recommendations (ECF No. 21) issued on June 13, 2023. (ECF No. 27.) Currently, objections are due on October 12, 2023. (ECF No. 25.) This represents petitioner's counsel's third request to extend the deadline to file objections. (See ECF Nos. 22, 24, 27.)

Pursuant to petitioner's counsel's first motion for an extension of time (ECF No. 22), the court granted counsel sixty additional days to file objections. (ECF No. 23.) After counsel filed a second motion for an extension of time (ECF No. 24) requesting an additional thirty days to respond to the findings and recommendations, the court granted counsel's request, but advised counsel that "[a]bsent extraordinary circumstances, no further extensions of time will be granted for this purpose." (ECF No. 25 at 2.)

In the instant motion, counsel requests that the deadline to file objections be extended to November 13, 2023. (ECF No. 27 at 2.) In support, he cites many of the same reasons identified

1

in the second motion for an extension of time, specifically, that the attorney who initially prepared the petition for a writ of habeas corpus left counsel's office and that counsel has competing deadlines in several other matters. (See ECF No. 27; ECF No. 24.) Counsel also notes that he conferred with respondent's counsel and that respondent's counsel does not object to the proposed extension. (ECF No. 27 at 3.)

Although petitioner's counsel does not identify any "extraordinary circumstances" for extending the deadline to file objections for a third time (see ECF No. 25 at 2), the court will grant the instant motion because "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (quotation omitted) (alteration in original). There is no evidence that petitioner's counsel has acted in bad faith or that the extension would prejudice respondent, who does not oppose the extension. See id. at 1260. The court also believes that extending the deadline to file objections would avoid prejudicing petitioner.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 27) is granted;
2. On or before November 13, 2023, petitioner shall file objections to the findings and recommendations issued on June 13, 2023 (ECF No. 21); and
3. Absent extraordinary circumstances, no further extensions of time will be granted for this purpose.

Dated: October 10, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Habeas/R/banks0843.36.3d