UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLONZO JACKSON BANKS,<br><br>Petitioner,<br><br>v.<br><br>CHARLES SCHUYLER,<br><br>Respondents. | No. 2:21-cv-00843-DAD-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR FEDERAL HABEAS RELIEF, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 21.) |

Petitioner, a state prisoner proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 14, 2023, the then-assigned magistrate judge issued findings and recommendations recommending that the petition be denied on the merits.[1] (Doc. No. 21.) Specifically, in the detailed findings and recommendations the magistrate judge examined each of petitioner's seven claims for federal habeas relief and concluded that, under the standard of review applicable under 28 U.S.C. § 2254(d)(1), petitioner had failed to show that the state court

---

[1] The court apologizes to the parties for the delay in the issuance of this order. The case was reassigned to the undersigned on August 25, 2022 (Doc. No. 20) and then reassigned to Magistrate Judge Riordan on August 6, 2024. (Doc. No. 35.) Perhaps as a result of those reassignment orders, the undersigned was just recently alerted to the fact that the findings and recommendation issued on June 14, 2023, were still pending.

1

decision on any of his claims was contrary to or an unreasonable application of clearly established law as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts. (*Id.* at 14–47.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty (30) days after service and that replies to any objections were to be filed within seven (7) days of service of objections. (*Id.* at 47.) After seeking and obtaining several extensions of time in which to do so, on December 8, 2023, petitioner filed objections to the findings and recommendations. (Doc. No. 32.) On December 12, 2023, respondent replied to those objections. (Doc. No. 33.)

In his well–presented objections, petitioner takes issue with the findings and recommendations' analysis of each of his claims. Petitioner's arguments in support of his claims, including those presented in his objections, are by no means frivolous. For instance, it would seem that the state appellate court in its opinion affirming petitioner's judgment of conviction took his claim of prosecutorial misconduct at closing argument quite seriously, ultimately concluding that even if the prosecutor misstated the law in that argument to the jury there was no prejudicial misconduct. (Doc. No. 21 at 29–34.) In the end, however, the undersigned concludes that petitioner has not cleared the high bar set by 28 U.S.C. 2254(d) and agrees with the magistrate judge's determination that he has failed to show that the state court decision as to any of his claims was contrary to or an unreasonable application of clearly established law as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections and respondent's reply thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–

36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.[2]  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 14, 2023 (Doc. No. 21) are adopted;
2. The petition for a writ of habeas corpus (Doc. No. 1) is denied on the merits;
3. The court declines to issue the certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 6, 2025**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] This principle is particularly applicable here in the undersigned's view.

3